KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—December, 1883.

MATTER OF HARDY.

*In the matter of the probate of the will of* DANIEL HARDY, *deceased.*

The designation, in a will, *in totidem verbis*, of "the trustees of" a specified society, as executors thereof, is sufficiently definite, without specifying individuals by name. *Id certum est, etc.*

Testator, by his will, provided as follows: "I make, constitute and appoint the trustees for the time being of Magnolia Lodge, No. 166, Independent Order of Odd Fellows to be executors of this my last will and testament."—

*Held*, that the trustees of the lodge at the time of testator's death were the persons intended; who, once having assumed the duties of executors, must continue to act as such until discharged by a court of competent jurisdiction,—no substitution being necessary, as new trustees should be elected.

LAWRENCE POWERS, Joseph S. Hookey and Alpheus Lawrence filed a petition, December 3rd, 1883, alleging that in decedent's will, admitted to probate November

15th, 1883, they were appointed executors thereof and general guardians of decedent's infant child ; that petitioners' names were omitted in said will, they being designated as "Trustees of the Magnolia Lodge, No. 166, Independent Order of Odd Fellows ;" that petitioners "are" the persons answering that description, and were such at the time of the execution of said will ; and praying that they or one of them might be decreed to be such executors or executor, and such guardians or guardian.

JOHN J. WHITE, JR., *for petitioners*.

THE SURROGATE.—In the will of Daniel Hardy, the following provision appears : " I make, constitute and appoint the trustees for the time being of Magnolia Lodge, No. 166, Independent Order of Odd Fellows to be executors of this my last will and testament."

The question is now raised—can the present trustees qualify as executors, and if so, must changes be made in the executors as often as the trustees change in the lodge ?

As a general rule, a will speaks from the death of the testator, unless otherwise specially directed. The trustees of the lodge at that time are the persons designated by the testator as executors. It is not necessary that he should designate them by particular names. Had he appointed the president of the Brooklyn Trust Company to act as his executor, it would have been a good appointment, for it was capable of being made certain. And in the case at bar the testator appoints the trustees of the Magnolia Lodge, No. 166, etc., for the time being. That is a definite appointment, for they are persons

who can be easily ascertained, and when so, they are the persons whom the testator intended to appoint to administer his estate. Upon their qualification, they continue to act as such executors until they are discharged by a court of competent jurisdiction. They do not change, and other persons become substituted in their places, as the new trustees of the lodge are elected. Once having assumed the duties, they must continue.

In order that the court may ascertain the names of the trustees of the Magnolia Lodge, No. 166, Independent Order of Odd Fellows, they may make a written application for letters testamentary, and, upon the requisite proof by such trustees, letters may issue accordingly.